

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11 C 522 |
| JOSEPH BURTON, | ) ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Joseph Burton's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On December 17, 2008, the grand jury returned an indictment, charging Petitioner with being a felon in possession of a firearm on July 22, 2008, in violation of 18 U.S.C. § 922(g). Petitioner was convicted on this charge after a jury trial. The following is a summary of the evidence adduced at trial. On July 22, 2008, Chicago Police Department Officers responded to a 911 call that reported an armed man, known as "Pontiac," was threatening the caller's neighbor with a firearm in the street outside the neighbor's home. Upon arriving in the neighborhood of 44th and Honore, the officers observed a man, Joseph Burton, also known as "Pontiac," who matched the description from the 911 call. Burton fled, and the officers pursued him on foot as he ran down an alley and up the back staircase of a residence. The officers testified that Burton pulled a blue steel semiautomatic handgun from his waist area while fleeing. The officers could see the

weapon because the alley was well lit; this was corroborated by photographs of the streetlights at the scene and because the officers intentionally looked at Burton's hands while pursuing him. As Burton ran up the back staircase of a residence, the officers heard a sound like a heavy object hitting wood. As they approached the area, they observed and recovered a hand gun. The officers continued to chase Burton, and despite Burton's resistance, officers arrested him at the scene.

The neighbor who called 911, John Figueroa, had seen Burton get into a verbal altercation with Figueroa's neighbor, Johnny Martinez, outside Martinez's home. Burton left the neighborhood and returned later with the firearm. Burton pointed the firearm at Martinez's house and yelled for Martinez to come outside. At that point, Figueroa called 911.

During a pre-trial interview, Martinez denied having an argument with Burton. The Government notified Burton's trial counsel that if Martinez testified for the defense at trial, the Government would cross-examine Martinez on his purported gang membership with the Latin Saints. According to the Government's gang intelligence and a confidential informant, Martinez and Burton were both Latin Saints and as such were precluded by gang code to testify against each other.

This Court ruled that the Government could not cross-examine Martinez about gang membership unless it was willing to call the confidential informant who provided the information that was the basis of the Government's knowledge of Martinez's Latin Saints affiliation. At trial, Burton's counsel did not call Martinez to testify on behalf of Burton.

On September 9, 2009, this Court sentenced Burton to 235 months' imprisonment and five years of supervised release. On September 17, 2009, this Court entered a judgment and conviction order, and subsequently, Burton filed a timely notice of appeal. On October 23, 2009, Burton's trial counsel withdrew. The Seventh Circuit Court of Appeals appointed appellate counsel from the Federal Defender's Office to represent Burton on appeal. On April 1, 2010, appellate counsel filed a brief with the Seventh Circuit under *Anders v. California*, 386 U.S. 738 (1967), setting forth his legal reasons for concluding that Burton's appeal would be frivolous. The Court of Appeals dismissed Burton's appeal as frivolous on July 23, 2010.

On August 23, 2010, the Seventh Circuit Court of Appeals denied Burton's petition for a hearing *en banc*, and on August 31, 2010, the court issued the mandate. On January 24, 2011, Burton filed this Section 2255 petition. On March 18, 2011, Burton moved to clarify his grounds for setting aside conviction.

## LEGAL STANDARD

Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006). The relief described in this section is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v.*

*United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Burton filed this petition *pro se*; therefore, his position is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ANALYSIS

Burton argues that this Court should vacate his sentence because his trial counsel was ineffective because: (1) his counsel failed to request a suppression hearing; (2) his counsel failed to call witness Johnny Martinez and other witnesses at trial; and (3) his counsel failed to adequately investigate the case.

A claim that could have been raised on appeal is procedurally defaulted if not raised in the appeal. *Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004). However, the failure to raise an ineffective-assistance-of-counsel claim on appeal does not constitute a waiver of a claim by a defendant under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a defendant must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the petitioner must prove that there is a reasonable probability that the proceeding would have had a different result but for the unprofessional errors. *Id.*

The Court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (citation omitted); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) ("Defense counsel is strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment."). Meanwhile, if Burton fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

*(1) Failure to Request a Suppression Hearing*

Burton claims that counsel failed to "challenge the veracity of the police reports through the suppression process" because Officer Sammon testified that he made a false statement in state court. Burton argues that his trial counsel was aware of "inconsistent statements by witnesses in discovery . . . and the police report." Based on Burton's citation to the trial court transcript, Burton appears to be referring to Officer Sammon's testimony on cross-examination. At trial, Officer Sammon testified that during the course of the foot chase, he observed Burton remove a weapon from his waistband area. (Tr. at 143.) Officer Sammon further testified that his state court testimony was not correct.

(*Id.*) Although in state court he testified that he had "never lost sight of the weapon," in federal court, he testified that he had "momentarily" lost sight of the weapon. (*Id.*)

Burton fails to make a proper showing of ineffective counsel on this basis. As to the first *Strickland* prong, Burton has not demonstrated that his trial counsel's performance fell below an objective standard of reasonableness under the circumstances. When alleging omissions, "it is not enough to criticize counsel for failing to take particular steps. Instead, one must also address what action counsel did take, and then evaluate [his] performance as a whole." *Eckstein v. Kingston*, 460 F.3d 844, 849 (7th Cir. 2006); *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009) (holding that upon evaluating whether counsel's performance was reasonable, the court should not "second-guess counsel's strategic decisions or take up the role of the 'Monday morning quarterback.'"). A review of Burton's trial counsel's performance during the criminal proceedings does not support a finding that his performance on the whole was objectively unreasonable.

As to the second *Strickland* prong, Burton has not demonstrated that there is a reasonable probability a different result would have occurred had the police report been suppressed. "None of [Office Sammons'] admitted testimony" that he had momentarily lost sight of the weapon "bore on the facts supporting the conviction, i.e., that Figueroa, Sammon, and Meneses all saw Burton in possession of the firearm." *United States. v. Burton*, No. 09-3332, 2010 WL 2993990, at *2 (7th Cir. July 22, 2010).

### (2) Failure to Call Martinez and Other Witnesses

Burton argues that his trial counsel was ineffective because he failed to call Johnny Martinez as a witness at trial. Martinez, Burton argues, would have testified that Burton was not the person that threatened him with a firearm.

Burton, however, has not shown that his counsel's decision to not call Martinez as a witness was *prejudicial*. Presuming that Martinez had testified that Burton did not point a firearm at him, his testimony would have been negated by the testimony of Figueroa, Officer Sammon, and Officer Meneses that they saw Burton possess a firearm. Figueroa testified that he saw Burton point the firearm at Martinez's house *after* Martinez went back inside. Thus, the jury could have concluded that Martinez simply did not see Burton point the firearm at Martinez's house.

Burton also argues that his trial counsel was ineffective because he did not call Mrs. Martinez, Mrs. Figueroa, Agent Laurie Jolly, and Officers Darling, Valeriano, and Tamales[1] as witnesses at trial. Burton argues that the outcome of the trial would have been different had these witnesses testified. Without support, Burton only names these witnesses and refers the Court to the District Attorney's investigation reports and portions of the trial transcript. *See, e.g., United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001) ("An effective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct"). In his reply, Burton's expansion of his argument with respect to Agent Jolly is unpersuasive.

---

[1] Officers Darling, Valeriano, and Tamales participated in the chase and arrest of Burton.

Because Burton's counsel was provided with reports concerning these witnesses prior to trial, it can be inferred that "counsel's decision not to call a witness is a tactical decision not subject to review." *Barnhill v. Flannigan*, 42 F.3d 1074, 1078 (7th Cir. 1994); *see also United States v. Dyer*, 784 F.2d 812, 817 (7th Cir. 1986); *Arrowood v. Clusen*, 732 F.2d 1364, 1369 (7th Cir. 1984). Moreover, Burton has not shown he was prejudiced by his trial counsel's decision to refrain from calling the above-mentioned witnesses.

Burton's unsupported arguments with respect to these witnesses, with the exception of Agent Jolly, will not be addressed. *See, e.g., Hodges*, 259 F.3d at 660. Regarding Agent Jolly, Burton cannot convincingly argue that he was prejudiced by his trial counsel's decision to not call Agent Jolly to testify at trial. Specifically, Burton claims that Agent Jolly's testimony would have impeached the testimony of Figueroa's. Agent Jolly's testimony was in fact submitted to the jury through stipulation. (*See* Tr. at 285.) Burton so much as concedes this when he states, "the statements that counsel stipulated to at trial that Special Agent Laurie Jolly would have testified to was in total contradiction of Mr. Figueroa's cross." (Reply at 10.)

### (3) Failure to Adequately Investigate

Finallly, Burton argues that trial counsel was ineffective because he failed to adequately investigate potential witnesses. When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced. *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003); *see also U.S.*

*ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990). Burton has failed to meet that burden here.

Burton argues that his trial counsel should have investigated the 911 call because it identified the man wielding a gun outside Martinez's residence as a "Male Hispanic."[2] This argument is unpersuasive in light of the transcript of the 911 recording, in which Figueroa states:

> Yes, Hello there's, uh, uh a white, a white guy on 44th and Honore. His name is Pontiac. He just flashed a gun from one of my neighbors and I'm sitting in my window with my wife smoking a cigarette and he's telling one of the neighbors (unintelligible) . . . He's got the white shirt and blue shorts. His name is Pontiac. He's a *white guy*. He's he's uh, uh, on a, on a bike, a silver bike with, with black rims on it.

(Tr. at 53-54 (emphasis added).) Therefore, there was no need for Burton's counsel to further investigate the 911 call because Figueroa accurately identified Burton as being a white male and not a "Male Hispanic."

Burton also argues that counsel was ineffective because he failed to investigate the other officers who were noted in the dispatch record. Burton's conclusory argument that additional testimony would have made a difference is insufficient to satisfy his burden.

Accordingly, Burton's ineffective-assistance-of-counsel claims are denied.

*Certificate of Appealability*

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine

---

[2] Burton is Caucasian.

whether to grant Burton a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A *habea*s petitioner does not have the absolute right to appeal a district court's denial of his *habeas* petition; instead, he must first request a certificate of appealability. See *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, Burton must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate that Burton's ineffective-assistance-of-counsel claims should have been resolved in a different manner. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons set forth above, Joseph Burton's Motion Under 28 U.S.C. § 2255 [1] to Vacate, Set Aside, or Correct Sentence is denied. A certificate of appealability is not issued. All other motions [20] are dismissed as moot.

Date: 11-22-11

JOHN W. DARRAH
United States District Court Judge

10